UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SATICOY BAY LLC SERIES 970 FLAPJACK DRIVE,<br>Plaintiff,<br>v.<br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br>Defendant. | Case No. 2:18-cv-00961-RFB-NJK<br><br>**ORDER**<br><br>Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 5) |

Before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 5. For the reasons stated below, the Court DENIES Plaintiff's Motion.

The Court also GRANTS, for the reasons stated in the Motion and because it is unopposed, the Motion to Intervene. ECF No. 6.

### I. BACKGROUND

The Court makes the following factual findings. Plaintiff purchased the property at issue in a foreclosure sale on November 17, 2016. Defendant is the beneficiary of the Deed of Trust. Defendant executed a Notice of Default and Election to Sell Under Deed of Trust on December 13, 2017. The Notice of Default states that the original owner of the property defaulted on July 1, 2012. The foreclosure sale is scheduled for June 1, 2018 and was noticed in the public record on May 10, 2018. In order to comply with a request made under NRS 107.200, Defendant sent Plaintiff on March 2, 2018 a Reinstatement Quote and a Payoff Quote regarding the debt secured by the Deed of Trust. These Quotes stated that they expired on March 12, 2018, after which time Plaintiff would have to request the information again. Plaintiff did not make an additional

1

request for a disclosure under NRS 107.200 or request an updated clarification of the earlier Quotes.

Plaintiff filed a Complaint in state court on May 22, 2018 and an Ex Parte Motion for Temporary Restraining Order on May 23, 2018. ECF No. 1-1. Defendant removed the case to federal court on May 25, 2018. ECF No. 1. Defendant filed a Response to Ex Parte Motion for Temporary Restraining Order on May 26, 2018. ECF No. 4. Plaintiff filed the instant Emergency Motion for Temporary Restraining Order and Preliminary Injunction on May 29, 2018. ECF No. 5. Defendant responded on May 30, 2018. ECF No. 8. Plaintiff's Complaint and motions allege that Defendant failed to fully comply with the requirements of NRS 107.200. Plaintiff asks the Court to enjoin Defendant from proceeding with the foreclosure sale until it has provided Plaintiff pursuant to the Complaint with the additional information requested regarding payments owed under the Deed of Trust.

**II.     LEGAL STANDARD**

A temporary restraining order may be issued without notice to the adverse party only if the moving party: (1) provides a sworn statement clearly demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) sets forth the efforts made to notify the opposing party and why notice should not be required. Fed. R. Civ. P. 65(b)(1). TROs issued without notice "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974)). The analysis for a temporary restraining order is "substantially identical" to that of a
preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council,

Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

### III. DISCUSSION

The Court will treat this Motion as a Motion for Preliminary Injunction, as the Plaintiff filed a substantially similar Ex Parte Motion for Temporary Restraining Order in state court. ECF No. 1, Ex. 1. Defendant removed this case from state to federal court and filed a Response to Ex Parte Motion for Temporary Restraining Order on May 26, 2018. ECF Nos. 1, 4. The Defendant also filed a response to the Emergency Motion on May 30, 2018. ECF No. 8. As Defendant has already responded to Plaintiff's allegations (twice), the Court does not find the Rule 65(b)(1) requirements for issuing a temporary restraining order without notice to the adverse party to be necessary in this case.

**A. Likelihood of Success on the Merits**

The Court finds that Plaintiff has not satisfied the requirements for a preliminary injunction, however. Plaintiff has not established a likelihood of success on the merits. Plaintiff argues that Defendant failed to satisfy the requirements of NRS 107.200. That statute requires that when requested, the beneficiary of a deed of trust must provide a statement within 21 days that contains certain information regarding the debt secured by the deed of trust, including "[t]he amount of the periodic payments, if any, required under the note." NRS 107.200. Although it acknowledges that Defendant sent the Quotes summarizing the debt secured by the Deed of

Trust, Plaintiff claims that it is entitled to receive a more detailed breakdown of the periodic payment calculation and an accounting and payment history for the property, so that it can verify the information provided by Defendant. None of this background information is required under the plain language of the statute, however, and Plaintiff has not pointed to any case law interpreting the statute to require more detailed information or a means for the debtor to verify the information provided by the beneficiary of the deed of trust. The Plaintiff has also provided no information that would establish or question the accuracy of the calculations made by the Defendant in the Quotes.

Second, the Plaintiff's argument that the Defendant did not provide information about the periodic payments also fails. The Reinstatement Quote actually details the amount of the payments ($1,015.75) and the number of payments (69) included in the Quote. Thus, the Defendant did provide this information as required and all of the information required under NRS 107.200. The Plaintiff cannot therefore establish a likelihood of success on the merits as it relates to ambiguities or incompleteness of the disclosure under NRS 107.200.

Furthermore, Plaintiff only appears to have requested the information from Defendant once. Defendant provided the Quotes at issue on March 2, 2018 and they explicitly state that they expire on March 12, 2018, after which time Plaintiff would have to request the information again to compel compliance under NRS 107.200. ECF No. 5, Ex. 4, 5. Plaintiff does not allege that it requested the information again after its initial inquiry or in the past 21 days, such that Defendant would currently be under an obligation to provide it pursuant to NRS 107.200. Even if the Court were to find that the Quotes were inaccurate, which it does not, the Plaintiff never followed up with a subsequent request for information. Thus, the Court the does not find that the Defendant is under any current obligation to disclose information (or any underlying materials) under NRS 107.200. This is an additional basis for finding that the Plaintiff has not established a likelihood of success on the merits.

**B. Irreparable Harm**

The Court finds that the element of irreparable harm tips slightly in Plaintiff's favor, as Plaintiff risks losing the opportunity to maintain ownership of its real property. However, the

4

fact that Plaintiff has not diligently sought to preserve its property rights in this case mitigates the influence of this factor.

### C. Balance of the Equities

The balance of equities favors the Defendant. Plaintiff purchased the property in November 2016 for $8,100. ECF No. 5, Ex. 1. According to Defendant, it has not received any payments on the subject property since 2012. Defendant claims that Plaintiff has been renting out the property for the past 18 months to earn a profit. Even setting aside this allegation, Plaintiff has had ownership of the property for the last year and a half without making any payments on the Deed of Trust. Defendant executed the Notice of Default and Election to Sell Under Deed of Trust on December 13, 2017. ECF No. 5, Ex. 7. The foreclosure sale is currently scheduled for June 1, 2018. ECF No. 5, Ex. 6. Plaintiff has been aware of Defendant's decision to sell the property for nearly six months and received Defendant's NRS 107.200 response over two months ago, but waited until just over a week before the foreclosure sale to file a Complaint and Motion for Ex Parte Temporary Restraining Order. Plaintiff has not stated that it ever reached out to Defendant for clarification or further information regarding the NRS 107.200 response that it claims to be incomplete. Defendant could be significantly prejudiced if the Court enjoins it from holding the foreclosure sale while it undergoes a review of its calculations – which have not been established to be inaccurate and for which Plaintiff is not entitled to an explanation. Given Plaintiff's lack of due diligence in this case, the Court finds that the balance of equities tips heavily in Defendant's favor.

### D. Public Interest

Finally, the Court finds that the public interest favors Defendant. No payments have been made on the Deed of trust for six years and it has been six months since Defendant gave Plaintiff notice of its intent to sell the defaulted property. Although Plaintiff has an interest in being able to potentially maintain ownership of its property, it has not diligently protected this interest. The public interest will best be served by not hindering this legal foreclosure sale at the eleventh hour.[1]

---

[1] As the Court has rejected the request for injunctive relief for the reasons stated, it does not
5

## IV. CONCLUSION

IT IS THEREFORE ORDERED that the Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 5) is DENIED.

IT IS FURTHER ORDERED that the Motion to Intervene (ECF No. 6) is GRANTED.

DATED this <u>31st</u> day of May, 2018.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

reach the issue of whether an injunction on the basis of a violation of the disclosure requirement of NRS 107.200 is precluded by 12 U.S.C. §4617(f).